# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Mirelys Jimenez,

    Plaintiff

v.

United States of America,

    Defendant

Case No.: 2:22-cv-00680-JAD-BNW

**Order Directing Further Briefing Re: Plaintiff's Motion to Amend Judgment**

[ECF No. 18]

Plaintiff Mirelys Jimenez sued the United States of America under the Federal Tort Claims Act for negligence and intentional infliction of emotional distress, alleging that her medical providers at the Veterans Affairs (VA) Southern Nevada Healthcare System failed to accurately categorize a cancerous lesion during her ultrasound.[1] The government moved to dismiss, arguing that Jimenez lacked standing.[2] I granted that motion, concluding that, because Jimenez brought this action after filing for bankruptcy without reference to her pending medical-malpractice claim before the VA, "the bankruptcy estate owned the claim . . . and had the [exclusive] right to bring suit."[3] In that order, I noted that "Jimenez fail[ed] to respond to the government's standing argument[,]" which would "permit the court to deem her silence as consent to granting the [government's] motion."[4] But I "nonetheless . . . analyze[d] the merits of th[e] standing argument[,]" found that Jimenez lacked standing, and ordered the case remanded and closed.[5]

---

[1] ECF No. 1.
[2] ECF No. 2.
[3] ECF No. 15 at 2–3.
[4] *Id.* at 1 n.1.
[5] *Id.* at 1 n.1, 4.

Jimenez now moves to amend or alter that judgment under Federal Rule of Civil Procedure (FRCP) 59(e), arguing that I incorrectly "found [that] Jimenez failed to respond to the [government's] standing argument and treated the silence as consent to granting the [m]otion to [d]ismiss."[6] The government correctly points out that I did not dismiss the case on that procedural basis and instead assessed the standing issue on its merits.[7] Jimenez counters that, instead of dismissing the case right away, the court should have provided a "reasonable time . . . for the real party in interest to ratify, join, or be substituted into the action" under FRCP 17(a)(3).[8] But Jimenez failed to raise that argument in her motion and did so only in her reply brief—depriving the government of the opportunity to respond. Though belatedly raising an argument can amount to forfeiture of that argument,[9] because the court has an independent obligation to assess its subject-matter jurisdiction[10] and because I find some basis for Jimenez's Rule 17 argument,[11]

---

[6] ECF No. 18 at 1. Jimenez also filed a renewed motion to substitute the bankruptcy trustee as the real party in interest under FRCP 25(c). ECF No. 21. As this case is currently closed for lack of subject-matter jurisdiction, I defer decision on that motion until after the government's response to Jimenez's belated Rule 17 argument in support of the court's subject-matter jurisdiction.

[7] ECF No. 23 at 1.

[8] ECF No. 26 at 3.

[9] *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding that a "district court need not consider arguments raised for the first time in a reply brief").

[10] *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (holding that "the district court had a duty to establish subject[-]matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.")

[11] *See Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1129 (9th Cir. 2017) ("Consistent with the text of Rule 17 and our case law interpreting it, we conclude that the district court abused its discretion by failing to give plaintiffs a reasonable opportunity to substitute the proper party and thus cure the defective complaint.").

IT IS ORDERED that **the United States must file a surreply** to Jimenez's reply in support of her motion to alter or amend the judgment **by February 17, 2023**. The surreply must be limited to five pages and to the topic of whether Rule 17(a)(3) permits party substitution here. No further briefing by either party will be entertained.

_____
U.S. District Judge Jennifer A. Dorsey
February 7, 2023

3