UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mirelys Jimenez, | Case No.: 2:22-cv-00680-JAD-BNW |
| Plaintiff | |
| v. | **Order Denying Motions to Amend Judgment and Substitute Party** |
| United States of America, | [ECF Nos. 18, 21] |
| Defendant | |

Plaintiff Mirelys Jimenez sued the United States of America under the Federal Tort Claims Act for negligence and intentional infliction of emotional distress, alleging that her medical providers at the Veterans Affairs (VA) Southern Nevada Healthcare System failed to accurately categorize a cancerous lesion during her ultrasound.[1]  I dismissed the case for want of standing, concluding that Jimenez brought this action after filing for bankruptcy and without reference to her pending medical-malpractice claim before the VA, so the "the bankruptcy estate owned the claim . . . and had the [exclusive] right to bring suit."[2]

Jimenez now seeks to resuscitate this case by moving to substitute the bankruptcy trustee—the real party in interest—under Federal Rule of Civil Procedure 17[3] and moving to alter my order closing this case.[4]  Rule 17 bars the court from "dismiss[ing] an action for failure

---

[1] ECF No. 1.

[2] ECF No. 15 at 2–3.

[3] ECF No. 26 at 3.  Jimenez also cites Rule 25, but Rule 17 "control[s]" because the "interest was transferred prior to commencement of [this] suit."  *Hilbrands v. Far E. Trading Co.*, 509 F.2d 1321, 1323 (9th Cir. 1975).

[4] ECF No. 18.  Jimenez initially argued that I incorrectly found that she "failed to respond to the [government's] standing argument and treated the silence as consent to granting the [m]otion to [d]ismiss."  *Id.* at 1.  But, as I explained in my prior order, I did not dismiss the case on that procedural basis and instead did so on the merits.  ECF No. 28 at 1–2.  Jimenez raised the Rule

to prosecute in the name of the real party in interest until . . . a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."[5] As the Ninth Circuit explained in *Dunmore v. United States*, party substitution is permitted "so long as [Jimenez's] decision to sue in [her] own name represented an understandable mistake and not a strategic decision."[6] For that proposition, the *Dunmore* court affirmatively cited *Wieburg v. GTE Southwest, Inc.*—a Northern District of Texas case that was affirmed without opinion by the Fifth Circuit.[7] The Ninth Circuit described *Wieburg* as "finding [that the] plaintiff did not make an understandable mistake where she sued in her own name after having concealed her . . . claims from the bankruptcy trustee."[8]

As the government argues, Jimenez's actions suggest that she did the same here.[9] Indeed, Jimenez repeatedly swore under oath in her bankruptcy case that she had no potential lawsuits or reason to sue anyone[10] and did so mere months after retaining counsel to pursue the claim that is the subject of this lawsuit.[11] Also, just three days after receiving her bankruptcy discharge,[12] Jimenez sued her medical provider for malpractice despite not having listed that claim as an asset

---

[17] argument in her reply brief, so I asked the government to submit a surreply addressing that argument. *Id.* at 2–3.

[5] Fed. R. Civ. P. 17(a)(3).

[6] *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004).

[7] *Id.* at 1112–13; *see Wieburg v. GTE Southwest, Inc.*, 2002 WL 31156431, at *6–7 (N.D. Tex. Sept. 26, 2002).

[8] *Id.*

[9] ECF No. 31 at 3.

[10] *See* ECF No. 32; ECF No. 6-2 at 7; ECF No. 6-3 at 52, 60; ECF No. 6-5 at 7.

[11] *See* ECF No. 31-4 at 3.

[12] *See* ECF No. 6-6 at 2.

on her bankruptcy schedules either.[13]  Though Jimenez sought to reopen the bankruptcy proceeding to list the claims,[14] she did so years later and only after the government moved to dismiss this case.[15]  And, though I sympathize with Jimenez in light of the effects of her medical condition and treatment,[16] she was represented by counsel in her bankruptcy matter, her medical-malpractice action, and this case[17]—further calling into question that her mistake was understandable.  So I would decline to exercise my discretion in permitting party substitution under Rule 17,[18] and I thus deny Jimenez's motion to alter the judgment.[19]

**Conclusion**

IT IS THEREFORE ORDERED that Jimenez's motion to alter or amend the judgment **[ECF No. 18] is DENIED**.

IT IS FURTHER ORDERED that Jimenez's motion to substitute party **[ECF No. 21] is DENIED** as moot.

_____
U.S. District Judge Jennifer A. Dorsey
March 14, 2023

---

[13] *See* ECF No. 14-2 at 2.

[14] ECF No. 13 at 5.

[15] ECF No. 6.

[16] *See generally* ECF No. 13.

[17] *See* ECF No. 32; ECF No. 14-2 at 2.

[18] Because I dismissed this case for lack of jurisdiction, I cannot rule on the party-substitution motion unless I alter my order dismissing the case.  But, because whether I alter that order depends on whether party substitution is appropriate, I consider the arguments in the party-substitution briefing.  And because party substitution is not warranted here, the motion to alter is denied and the motion to substitute is denied as moot.

[19] *Cf. Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017) ("We review Rule 17 determinations for abuse of discretion.").